ARMAND J. KORNFELD (WSBA #17214)　　　　　　HONORABLE MARY JO HESTON
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 UNION STREET, SUITE 5000
SEATTLE, WA 98101
Tel: (206) 292-2110
Emails: jkornfeld@bskd.com, rkeeton@bskd.com

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

SHILO INN, NEWPORT, LLC,

　　　　　　Debtor.

Chapter 11

Case No. 25-42508-MJH

**DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING CONTINUED USE OF PREPETITION CASH MANAGEMENT SYSTEM, BANK ACOUNTS AND CHECKS**

SHILO INN, NEWPORT, LLC (the "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case"), hereby moves the Court (this "Motion") on an emergency basis for the entry of an order authorizing the Debtor to continue using its prepetition and existing cash management system, bank accounts and checks, pursuant to 11 U.S.C. §§ 105(a), 345, and 363. This Motion is based on the record and files herein and on the *Declaration of Brian Weiss in Support of Emergency First Day Motions* (the "Weiss Declaration"),[1] which was filed concurrently with this Motion and is incorporated by this reference.

**I.　　JURISDICTION AND VENUE**

This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue

---

[1] Capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Weiss Declaration.

DEBTOR'S EMERGENCY MOTION TO AUTHORIZE CONTINUED
USE OF PREPETITION CASH MANAGEMENT SYSTEM – Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 25-42508-MJH　　Doc 4　　Filed 10/10/25　　Ent. 10/10/25 15:00:35　　Pg. 1 of 6

is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

## II. BACKGROUND

The Debtor commenced this Chapter 11 Case on October 10, 2025 (the "Petition Date") and is operating its business and managing its affairs as a debtor in possession under 11 U.S.C. §§ 1107(a) and 1108.  The Debtor owns and operates a full-service oceanfront hotel and related amenities located at 536 SW Elizabeth Street in Newport, Oregon.  *Weiss Decl.*  A detailed discussion of the Debtor's business operations and events leading up to the filing of this Chapter 11 Case is set forth in the Weiss Declaration.

As of the Petition Date, the Debtor maintained and currently maintains two bank accounts (collectively, the "Bank Accounts") as described in the following table:

| Name of Bank | Account No. (last four) | Approx. Account Balance on Petition Date | Description |
|---|---|---|---|
| JPMorgan Chase Bank | 9220 | $2,251.50 | Operating Account |
| U.S. Bank | 1221 | $88.75 | Deposit Account |

*Weiss Decl.*  The primary purpose of the U.S. Bank account is to collect cash and check deposits.  All other operating expenses are paid out of the Chase Bank account.  *Weiss Decl.*

## III. RELIEF REQUESTED

The Debtor respectfully requests that the Court enter an order pursuant to Bankruptcy Code sections 105(a) and 363: (i) authorizing the Debtor's continued use of its existing cash management system and Bank Accounts; and (ii) authorizing the Debtor to use its prepetition checks and related instruments and forms without placing the label "debtor-in-possession" on each check.

DEBTOR'S EMERGENCY MOTION TO AUTHORIZE CONTINUED
USE OF PREPETITION CASH MANAGEMENT SYSTEM – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2892 id30jk01r0

Case 25-42508-MJH    Doc 4    Filed 10/10/25    Ent. 10/10/25 15:00:35    Pg. 2 of 6

## IV. AUTHORITY

The Debtor's cash management system built around these Bank Accounts are an integral part of its business operations, and requiring the Debtor to establish a new cash management system would cause unnecessary delay and disruption, making it more difficult for the Debtor to successfully reorganize. *Weiss Decl.* This is especially true given the Debtor's operational management structure and the time and energy necessary to deal with the usual operational adjustments that accompany a chapter 11 filing. *Id.* Requiring the Debtor to open new bank accounts or obtain new checks would also provide no benefit to the estate or its creditors. Continued use of the Debtor's cash management system, Bank Accounts and checks will help to ensure a smooth transition into chapter 11 and minimal disruption to the Debtor's operations, thereby increasing the likelihood that the Debtor will be able to successfully reorganize. *Id.*

Allowing the Debtor to use its prepetition cash management system and engage in related "routine transactions" comports with applicable provisions of the Bankruptcy Code. In particular, Bankruptcy Code section 363(c)(1) authorizes a debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). The authority granted by section 363(c)(1) extends to a debtor in possession's continued use of its customary cash management system and, thus, supports the relief requested. *See, e.g.*, *Charter Co. v. Prudential Ins. Co. Am. (In re Charter Co.)*, 778 F.2d 617, 621 (11th Cir. 1985) (indicating that an order authorizing the debtor to employ a cash management system that was "usual and customary in the past" was "entirely consistent" with section 363(c)(1)).

To the extent that use of the existing cash management system falls outside the ordinary course of business, such use is permitted by Bankruptcy Code sections 363(b)(1) and 105(a). Bankruptcy Code section 363(b)(1) provides, in relevant part, that "[t]he trustee, after notice and a hearing, may

DEBTOR'S EMERGENCY MOTION TO AUTHORIZE CONTINUED
USE OF PREPETITION CASH MANAGEMENT SYSTEM – Page 3

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

Case 25-42508-MJH   Doc 4   Filed 10/10/25   Ent. 10/10/25 15:00:35   Pg. 3 of 6

use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Bankruptcy Code section 105(a) further provides that this Court may "issue any order . . . that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.

The Debtor's Bank Accounts do not contain funds that exceed or even approach a total balance of $250,000 at a single institution. Both JPMorgan Chase Bank and U.S Bank are authorized depositories, as designated by the United States Trustee. Post-petition, the Debtor will ensure that any cash generated by the business will be maintained in its Bank Accounts. Therefore, the Debtor's banking arrangements comply with section 345 of the Bankruptcy Code. Continued use of the Debtor's prepetition cash management system, Bank Accounts and checks will help to ensure a smooth transition in chapter 11 and minimal disruption to the Debtor's operations. *Weiss Decl.*

## V. CONCLUSION

Based on the foregoing, the Debtor respectfully requests that the Court enter an order: (i) authorizing the Debtor's continued use of its existing cash management system and prepetition Bank Accounts; and (ii) authorizing the Debtor to use its prepetition checks and related instruments without placing the label "debtor-in-possession" on each check.

DATED this 10th day of October, 2025.

BUSH KORNFELD LLP

By  */s/ Richard B. Keeton*
    Armand J. Kornfeld, WSBA #17214
    Richard B. Keeton, WSBA #51537
    Proposed Attorneys for the Debtor

DEBTOR'S EMERGENCY MOTION TO AUTHORIZE CONTINUED USE OF PREPETITION CASH MANAGEMENT SYSTEM – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2892 id30jk01r0

Case 25-42508-MJH    Doc 4    Filed 10/10/25    Ent. 10/10/25 15:00:35    Pg. 4 of 6

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>SHILO INN, NEWPORT, LLC,<br><br>                         Debtor. | Chapter 11<br><br>Case No. 25-42508-MJH<br><br>**[PROPOSED]**<br>**ORDER AUTHORIZING DEBTOR'S**<br>**CONTINUED USE OF PREPETITION**<br>**CASH MANAGEMENT SYSTEM, BANK**<br>**ACCOUNTS AND CHECKS** |

THIS MATTER came before the Court upon the *Emergency Motion for Order Authorizing Continued Use of Prepetition Cash Management System, Bank Accounts and Checks* [Docket No. __] (the "Motion")[1] filed by Shilo Inn, Newport, LLC (the "Debtor"), debtor and debtor in possession in the above-captioned Chapter 11 Case. The Court, having reviewed the Motion, the *Declaration of Brian Weiss in Support of Emergency First Day Motions*, and the record and files herein, and the Court having held a hearing to consider the relief requested in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1] Capitalized terms used but not defined herein shall have their meanings as ascribed in the Motion.

[PROPOSED] ORDER AUTHORIZING CONTINUED USE OF
PREPETITION CASH MANAGEMENT SYSTEM – Page 1

Bush Kornfeld LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2892 id30gr01ws

Case 25-42508-MJH    Doc 4    Filed 10/10/25    Ent. 10/10/25 15:00:35    Pg. 5 of 6

**ORDERED as follows:**

1. The Motion is granted.

2. The Debtor is authorized to continue using its existing cash management system.

3. The Debtor is authorized to continue using its existing Bank Accounts, checks and related instruments and forms without placing the label "debtor-in-possession" on each check.

4. If, at any time during the Chapter 11 Case, the Debtor anticipates that its funds on deposit in any of its accounts with U.S. Bank or JPMorgan Chase Bank may exceed the FDIC-insured limit of $250,000, the Debtor will promptly contact such bank and request that the account be converted to a debtor-in-possession account, or, alternatively, the Debtor shall promptly open a debtor-in-possession account at another bank and transfer such excess funds to that account.

/// End of Order ///

Presented by:

BUSH KORNFELD LLP

By_____
   Armand J. Kornfeld, WSBA #17214
   Richard B. Keeton, WSBA #51537
Proposed Attorneys for the Debtor

[PROPOSED] ORDER AUTHORIZING CONTINUED USE OF
PREPETITION CASH MANAGEMENT SYSTEM – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2892 id30gr01ws

Case 25-42508-MJH    Doc 4    Filed 10/10/25    Ent. 10/10/25 15:00:35    Pg. 6 of 6