**Below is the Order of the Court.**

_Mary Jo Heston_
**Mary Jo Heston**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

SHILO INN, NEWPORT, LLC,

                                   Debtor.

Chapter 11

Case No. 25-42508-MJH

**ORDER (i) APPROVING BID PROCEDURES FOR THE SALE OF ASSETS; (ii) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS UNEXPIRED LEASES; (iii) SCHEDULING THE SALE HEARING; AND (iv) GRANTING RELATED RELIEF**

THIS MATTER came before the Court upon the _Motion for Order (i) Approving Bid Procedures for the Sale of Assets; (ii) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (iii) Scheduling the Sale Hearing; and (iv) Granting Related Relief_ [Docket No. 58] (the "Motion")[1] of Shilo Inn, Newport, LLC (the "Debtor"), debtor and debtor in possession in the above-captioned Chapter 11 Case, and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent

---

[1] Capitalized terms used but not defined herein shall have their meanings as ascribed in the Motion or the Bid Procedures, as the case may be.

ORDER APPROVING BID PROCEDURES FOR THE SALE OF
ASSETS – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2892 ik10sy01js

with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having considered the Motion, the declaration of Brian Weiss and other evidence submitted in support thereof; and it appearing that the relief requested in the Motion is reasonable and in the best interests of the Debtor's bankruptcy estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor; the Court hereby makes the following findings of fact and conclusions of law:

**FINDINGS AND CONCLUSIONS**

A.      The Debtor has articulated good and sufficient reasons for, and the best interests of its estate and stakeholders will be served by, the Court scheduling or fixing dates pursuant to this Order for, among other things, the (i) Bid Deadline, (ii) Sale Objection Deadline, (iii) Auction, (iv) Cure Objection Deadline; (v) Assumption and Assignment Objection Deadline, and (vi) Sale Hearing.

B.      The Bid Procedures are reasonable and appropriate and represent the best available method for maximizing value for the benefit of the Debtor's estate.

C.      The Bid Procedures were negotiated at arm's length, in good faith, and without collusion. The Bid Procedures balance the Debtor's interests in emerging expeditiously from this Chapter 11 Case while preserving the opportunity to attract value-maximizing proposals beneficial to the Debtor's estate, its creditors, and other parties in interest.

D.      The Sale Notice and Assignment Notice are reasonably calculated to provide the Sale Notice Parties, the Contract Counterparties, and other interested parties with proper notice of the: (i) Bid Procedures, (ii) Bid Deadline, (iii) Sale Objection Deadline, (iv) Auction, (v) Assumption and Assignment Procedures (including the Cure Objection Deadline and the Assumption and Assignment Objection Deadline), and (vi) Sale Hearing.

ORDER APPROVING BID PROCEDURES FOR THE SALE OF
ASSETS – Page 2

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2892 ik10sy01js

E.      The Motion and the Bid Procedures comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules for the United States Bankruptcy Court for the Western District of Washington.

F.      Due, sufficient and adequate notice of the relief granted herein has been given to all parties in interest.

## ORDER

Based on the foregoing findings and conclusion, it is hereby

**ORDERED as follows**:

1.      The Motion is granted as set forth herein.

2.      All formal and informal objections, if any, to the relief requested in the Motion that have not been withdrawn, waived, or settled are overruled on the merits.

3.      The Bid Procedures, which are attached hereto as **Exhibit 1** and incorporated in full herein by this reference, are hereby approved in all respects and shall govern the Bidding Process, all Potential Bidders and Bids, including those that may be submitted by Qualified Bidders at the Auction.

4.      Potential Bidders and Qualified Bidders seeking to submit Bids for the Assets must do so in accordance with the terms of the Bid Procedures and this Order.

5.      Promptly following the conclusion of the Auction (and not later than two (2) business days thereafter), the Debtor shall promptly file with the Court and serve on the Sale Notice Parties a Notice of Successful Bidder and the Sale Notice.

6.      A hearing shall be held on Tuesday, December 9, 2025 at 10:00 a.m. Pacific Time (the "Sale Hearing"), for this Court's consideration of the Sale and any responses or objections thereto which have been timely filed pursuant to the terms of this Order and the Local Bankruptcy Rules.

ORDER APPROVING BID PROCEDURES FOR THE SALE OF
ASSETS – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2892 ik10sy01js

7.      Any responses or objections to the Sale shall be in writing, filed with this Court, and served on counsel for the Debtor not later than December 2, 2025 (the "Sale Objection Deadline").

8.      Any replies to any responses or objections to the Sale shall be in writing, filed with this Court, and served on the responding or objecting party not later than December 4, 2025.

9.      The Sale Hearing may be adjourned or rescheduled without notice by an announcement of the adjourned date at the Sale Hearing or by filing a notice on the Court's docket. At the Sale Hearing, the Debtor shall present the Successful Bid to the Bankruptcy Court for approval.

10.      The failure of any objecting person or entity to timely file an objection prior to the Sale Objection Deadline shall be a bar to the assertion at the Sale Hearing or thereafter of any objection to the relief requested by the Debtor, or the consummation and performance of the Sale of the Assets to the Successful Bidder, including the transfer of the Assets free and clear of all liens, claims, interests, and other encumbrances (with the same to attach to the cash proceeds of the Sale to the same extent and with the same order of priority, validity, force and effect which they previously had against the Assets, subject to the rights and defenses of the Debtor and the Debtor's estate with respect thereto), and the Debtor's assumption and assignment of the Transferred Contracts to the Successful Bidder.

11.      No Potential Bidder, Qualified Bidder, or any other person or entity shall be entitled to any expense reimbursement, break-up fee, termination or other similar fee or payment in connection with the Bidding Process, the Auction or the Sale.

12.      The Sale Notice and Assumption and Assignment/Cure Notice substantially in the forms attached to this Order as **Exhibit 2** and **Exhibit 3**, respectively, are approved in all respects. No other or further notice of the Bid Procedures, Assumption and Assignment Procedures, the Sale Hearing, relevant objection or other deadlines, or the Sale is required.

ORDER APPROVING BID PROCEDURES FOR THE SALE OF
ASSETS – Page 4

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2892 ik10sy01js

13.	The Assumption and Assignment Procedures, as described in the Motion, are hereby approved in all respects. The failure to specifically include or reference any particular provision of the Assumption and Assignment Procedures in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Assumption and Assignment Procedures be authorized and approved in their entirety.

14.	As further governed by the Assumption and Assignment Procedures, the Cure Objection Deadline and Assumption and Assignment Objection Deadline shall be the same as the Sale Objection Deadline, which is December 2, 2025.  If a Contract Counterparty timely files a Cure Objection and/or Assumption and Assignment Objection, the Debtor reserves the right to have such dispute resolved at the Sale Hearing.

15.	Any Contract Counterparty that fails to file a Cure Objection by the Cure Objection Deadline in accordance with the Assumption and Assignment Procedures (i) shall be deemed to have forever waived and released any right to assert a Cure Objection, and (ii) shall be forever barred and estopped from (a) objecting to the Cure Amount set forth on the Cure Schedule with respect to the Transferred Contract and (b) seeking additional amounts arising under the Transferred Contract prior to the closing from the Debtor or Successful Bidder.

16.	Any Contract Counterparty that fails to file an Assumption and Assignment Objection by the Assumption and Assignment Objection Deadline in accordance with the Assumption and Assignment Procedures (i) shall be deemed to have forever waived and released any right to assert an Assumption and Assignment Objection, (ii) shall be deemed to have consented to the assumption and assignment, or assignment, as the case may be, of their Transferred Contract without the necessity of obtaining any further order of the Bankruptcy Court, and (iii) shall be forever barred and estopped

ORDER APPROVING BID PROCEDURES FOR THE SALE OF
ASSETS – Page 5

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

1    from objecting to the assumption and assignment, or assignment, as the case may be, of its

2    Transferred Contract to the Successful Bidder.

3            17.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h) or 6006(d), the

4    terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5            18.    The Debtor is authorized and empowered to take such steps, expend such sums of

6    money and do such other things as may be necessary to implement and effectuate the terms and

7    requirements established and relief granted in this Order.

8            19.    To the extent of any inconsistences between the Bid Procedures and this Order, this

9    Order shall govern.

10           20.    The Court shall retain jurisdiction and power over any matter or dispute arising from or

11   relating to the Bid Procedures or the implementation, interpretation or enforcement of this Order.

12                              /// End of Order ///

13   Presented by:

14   BUSH KORNFELD LLP

15   By___*/s/ Richard B. Keeton*_____
16       Armand J. Kornfeld, WSBA #17214
         Richard B. Keeton, WSBA #51537
17   Proposed Attorneys for the Debtor

18

19

20

21

22

23

ORDER APPROVING BID PROCEDURES FOR THE SALE OF
ASSETS – Page 6

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2892 ik10sy01js

# EXHIBIT 1

**Bid Procedures**

# BID PROCEDURES

## Overview

On October 10, 2025, Shilo Inn, Newport, LLC (the "**Debtor**"), as debtor and debtor in possession, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Case No. 25-42508 (the "**Bankruptcy Case**"), pending in the United States Bankruptcy Court for the Western District of Washington, Tacoma Division (the "**Bankruptcy Court**").

The Debtor desires a sale of the Debtor's real property and improvements thereon located at 536 – 614 SW Elizabeth Street, Newport, Oregon 97365 (the "**Property**") and Related Property Assets (as defined herein) (and together with the Property, the "**Assets**") to the highest and/or best bidder (the "**Sale**"). Debtor seeks to solicit bids through Hilco Real Estate, LLC ("**Hilco**") and Marcus & Millichap Real Estate Investment Services, Inc. and its affiliated licensed entities and subsidiaries (collectively "**Marcus & Millichap**," and together with Hilco, the "**Brokers**"), subject to these procedures (the "**Bid Procedures**") for the consideration of the highest or otherwise best price for the Assets, on the terms and conditions set forth herein. The Sale shall be free and clear of all liens, claims, interests and encumbrances, except as the same may attach to the proceeds of the Sale, if any.

These Bid Procedures describe, among other things: (A) the procedures for bidders to submit bids for the Assets; (B) the manner in which bidders and bids become Qualified Bidders and Qualified Bids (each as defined below); (C) the negotiation of bids received; (D) the conduct of one or more subsequent auctions (an "**Auction**"); and (E) the ultimate selection of the Successful Bidder(s) (as defined below) and Bankruptcy Court approval thereof (collectively, the "**Bidding Process**"). The Broker is authorized to initiate contract negotiations, enter into agreements, and do all other things necessary or appropriate to facilitate the Sale in accordance with these Bid Procedures with prospective buyers.

The Debtor and Brokers reserve the right to extend any of the bidding deadlines or other dates set forth in these Bid Procedures without further order of the Bankruptcy Court subject to providing notice as described below.

## Summary of Important Dates

| | |
|---|---|
| **November 18, 2025, at 5:00 p.m. Pacific Time** | In order for a Potential Bidder's Bid to be considered to participate in the Auction, it must comply with these Bid Procedures, including that its Bid must be delivered, so as to be received on or before November 18, 2025 at 5:00 p.m. Pacific Time (the "**Bid Deadline**"). |
| **November 19, 2025, at 5:00 p.m. Pacific Time** | Deadline for Broker to inform Potential Bidders whether their respective Bids qualify for the next phase of the Bidding Process under these Bid Procedures (the "**Designation Deadline**"). |
| **November 21, 2025, at 10:00 a.m. Pacific Time** | Auction (if needed depending on Qualified Bids received) or best and final Bid deadline; Auction Location: Online platform (*e.g.*, Zoom, Microsoft Teams, etc.). |

## Steps to Participate in this Offering:
1) Review the Due Diligence information, including the Asset Purchase Agreement, located in the Virtual Data Room.
2) Inspect the Assets; inspection dates have been provided to tour and inspect the Assets.

Case 25-42508-MJH    Doc 72    Filed 11/12/25    Ent. 11/12/25 14:51:40    Pg. 8 of 25

3) Submit by November 18, 2025, your Qualified Bid on our approved Asset Purchase Agreement along with a $500,000 earnest money Deposit.

4) If your Bid qualifies, you will be invited to either submit a best and final Bid or participate in an Auction to be held on November 21, 2025.

*The following procedures describe in more detail the requirements and terms of participation.*

**Approvals**

The Sale of the Assets shall in all respects be subject to approval by the Bankruptcy Court, after notice and a hearing (the "**Sale Hearing**"), and in compliance with (i) the applicable provisions of the Bankruptcy Code, (ii) the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), (iii) the Local Rules of the Bankruptcy Court; (iv) these Bid Procedures, and (v) other applicable rules and law.

**Assets to Be Sold**

The Assets to be sold shall consist of the: (i) the Property; and (ii) all assets of the Debtor which are necessary in connection with the operation of the Property following consummation of the Property Sale, including, but not limited to, furniture, fixtures, equipment, accounts receivable, incidental personal property or inventory used in the operation of the Property, records and documents (including past accounting records, drawings, contracts, warranties, and other ordinarily maintained records and documents), security deposits, service contracts, and all other assets customarily included in connection with the sale of real property improved by lodging accommodations in the regional geographic area.

**Due Diligence**

Each potential bidder for the sale of the Assets (each, a "**Potential Bidder**") is solely responsible for conducting its own due diligence and must complete its due diligence prior to the submission of its Bid. The Assets are being offered for sale "as is, where is," without any representation or warranty of any type whatsoever. Potential Bidders may physically inspect the Assets prior to the Bid Deadline. Also, a Virtual Data Room has been assembled, which includes the Asset Purchase Agreement, information about the Property, and other applicable due diligence information. For access to the Virtual Data Room go to www.hilcorealestatesales.com.

**Qualification of Bids**

A bid is a signed Asset Purchase Agreement delivered by email no later than the Bid Deadline to: (a) the Debtor, Brian Weiss, Manager of Shilo Newport Corp. (bweiss@force10partners.com); (b) counsel to the Debtor, Richard B. Keeton (rkeeton@bskd.com) and Armand J. Kornfeld (jkornfeld@bskd.com); (c) the Debtor's brokers, Jordan Schack (jschack@hilcoglobal.com), Chris Gomes (chris.gomes@marcusmillichap.com), and Christian Apt (christian.apt@marcusmillichap.com) (collectively, the "Notice Parties"). The form of Asset Purchase Agreement can be found in Broker's data room. Any Potential Bidder, other than Rialto, which shall be automatically deemed a Qualified Bidder, who wishes to submit a bid with respect to the Assets must demonstrate to the reasonable satisfaction of the Broker and Debtor, that such Potential Bidder is a "Qualified Bidder." A Qualified Bidder is a Potential Bidder who delivers to Broker a written and duly executed, non-contingent asset purchase agreement necessary and other transaction documents to effectuate the transactions contemplated in the bid (each, a "**Bid**") on or before the Bid Deadline that:

  (i)   includes a copy of an Asset Purchase Agreement reflecting the terms and conditions of its bid, which agreement must be marked to show any proposed amendments and modifications, if any, to the form of asset purchase agreement posted by the Debtor in the Data Room (the "**Marked Agreement**");

  (ii)  states that the Bid is formal, legally binding and unconditional (except for those conditions expressly set forth in the applicable Marked Agreement) for the acquisition of the Assets

and is not subject to any due diligence or financing contingency and is irrevocable until the first business day following the closing of the proposed Sale transaction, except as otherwise provided in these Bid Procedures;

(iii)  is accompanied by a good faith cash deposit in the amount of $500,000 (the "**Deposit**"), to be deposited, on or before the Designation Deadline, with an escrow agent selected by the Debtor and Broker (the "**Escrow Agent**") pursuant to the escrow agreement to be provided by the Debtor to the Potential Bidders (the "**Escrow Agreement**");

(iv)  is accompanied by financial information satisfactory to Broker that fairly and reasonably demonstrates the Potential Bidder's ability (and the sources of the Potential Bidder's ability) to close on its purchase of the Assets if the Potential Bidder should be the Successful Bidder (as defined below), in an amount at least as much as its bid as necessary to consummate the transaction contemplated by the bidder's bid and any increased or modified bid that it may elect to make at the Auction, including the bidder's financial wherewithal and willingness to perform under any contracts and/or leases that are assumed and assigned to the Successful Bidder;

(v)  does not request or entitle the Potential Bidder to any transaction or break-up fee, expense reimbursement, or similar type of payment whatsoever, regardless of the outcome of the Auction or any subsequent determination that such bidder is not a Qualified Bidder;

(vi)  fully discloses the identity of each entity that will be bidding for the Assets or otherwise participating in connection with such bid on behalf of the Potential Bidder, the terms of any such participation (including if the Potential Bidder is an entity formed for the purpose of consummating the proposed transaction contemplated by the bid, the equity holder, or other financial backer, or has any affiliation with, or is acting at the direction or suggestion of, or in concert with, Debtor or any creditor of Debtor), the Potential Bidder's address, telephone number, and email address where the bidder may be contacted;

(vii)  includes an executed copy of these Bid Procedures acknowledging and agreeing to these Bid Procedures and all the terms hereof, including the following:

(1)  if the Potential Bidder is a partner, officer, director, stockholder, agent, employee, insider or affiliate of the Debtor, or of any of Debtor's creditors or principals, the Broker, or any insider or relative of any of the foregoing, such a Potential Bidder must so disclose the exact nature of its relationship with the foregoing entities;

(2)  the Potential Bidder relied solely on its own independent investigation, analysis, appraisal, and evaluation of the Assets and it did not rely upon and did not receive any written or oral statements, representations, warranties, promises or guarantees whatsoever, whether express or implied or by operation of law or otherwise, with respect to the Assets; and

(3)  the Potential Bidder's Bid is irrevocable until the earlier of the closing date or until its bid is affirmatively rejected;

(viii)  includes evidence of authorization and approval from the bidder's board of directors (or comparable governing body), as applicable, with respect to the submission, execution, delivery, and closing of the Sale transaction, if applicable; and

(ix)  contains other information reasonably requested by Debtor and/or Broker.

A Bid meeting the above requirements shall constitute a "**Qualified Bid**." The Broker shall make a determination, in its reasonable business judgment, whether a Bid is a Qualified Bid and shall notify each such bidder (a "**Qualified Bidder**") whether their Bids have been determined to be qualified by the Designation Deadline. The Debtor and Broker reserve the right to work with any Potential Bidder in advance of the Auction to cure any deficiencies in a Bid that is not initially determined to be a Qualified Bid. If a Bid is received and, in the Debtor and Broker's judgment, it is not clear whether the Bid is a Qualified Bid, the Debtor and Broker may consult with the Potential Bidder and seek additional information in an effort to establish whether or not the Bid is a Qualified Bid.

---

**No Contingencies**

A Qualified Bid shall not be conditioned on the obtaining or the sufficiency of financing or any internal approval of the Qualified Bidder.

THE SUBMISSION OF A BID BY THE DESIGNATION DEADLINE SHALL CONSTITUTE A BINDING AND IRREVOCABLE OFFER TO ACQUIRE THE ASSETS AS SET FORTH IN SUCH BID.

**Adherence to Bid Procedures**

By submitting its Qualified Bid, each Qualified Bidder shall be deemed to have agreed to abide by and honor the terms of these Bid Procedures and agrees not to submit a bid or seek to reopen the Auction after conclusion of the Auction.

**Review of Bids**

The Broker will deliver, within one (1) business day after receipt thereof, copies of all Bids to the Debtor. The Debtor and Broker will evaluate timely submitted Bids, and may engage in negotiations with Potential Bidders who submitted Bids complying with the preceding paragraphs as the Debtor and Broker deem appropriate in the exercise of their business judgment, based upon the Debtor and Agent's evaluation of the content of each Bid. In evaluating the Bids, the Debtor and Broker may take into consideration the following nonbinding factors:

(i) the amount of the Bid;

(ii) the value to be provided to the bankruptcy estate and its creditors;

(iii) the transaction structure and execution risk, including conditions to, timing of and certainty of closing, termination provisions, availability of financing and financial wherewithal to meet all commitments, and required governmental or other approvals; and

(iv) any other factors the Debtor and Broker may reasonably deem relevant.

THE DEBTOR AND BROKER IN THEIR SOLE DISCRETION WILL HAVE THE RIGHT TO DETERMINE THAT A BID IS A QUALIFIED BID OR NOT A QUALIFIED BID.

**Rialto as a Qualified Bidder**

Notwithstanding anything herein to the contrary, RSS SGCMS2016-C5 - OR SIN, LLC ("**Rialto**") is automatically (and without further action) deemed a Qualified Bidder and is entitled, at its election, to credit bid for the Assets pursuant to 11 U.S.C. § 363(k), without the need for any Deposit or fulfilling the other requirements for a Potential Bidder to be a Qualified Bidder. Rialto shall otherwise be treated in the same manner as any other Potential Bidder seeking to become a Qualified Bidder and shall be entitled to access the Virtual Data Room and other diligence information provided to such other parties. For the avoidance of doubt, Rialto shall not be obliged to submit a Bid and shall not be subject to the deadlines set forth herein if it intends to submit a Qualified Bid or participate in the Auction.

**Pre-Auction Procedures**

Once the Bids are qualified, the Debtor and Broker may ask Qualified Bidders to submit best and final bids, or the determination and announcement of a baseline bid (the "**Baseline Bid**") and the Auction will be made. The Debtor and Broker shall make a determination regarding:

(i) the time and method for holding the Auction; and

(ii) the highest or best Qualified Bid to serve as the starting point at the Auction.

Between the date the Debtor and Broker notify a Potential Bidder that it is a Qualified Bidder and is invited to participate in the Auction, the Debtor and Broker may discuss, negotiate or seek clarification of any Qualified Bid from a Qualified Bidder. Without the written consent of the Debtor and Broker, a Qualified

Bidder may not modify, amend or withdraw its Qualified Bid, except for proposed amendments to increase the purchase price or otherwise improve the terms of the Qualified Bid during the period that such Qualified Bid remains binding as specified herein; provided that any Qualified Bid may be improved at the Auction as set forth herein.

Notwithstanding anything to the contrary contained herein, the Debtor and Agent may elect, in their reasonable discretion, to adjourn any Auction.

**Failure to Receive One or More Qualified Bids**

If Broker does not receive one or more Qualified Bids by the Determination Deadline, Debtor and Broker may cancel the Auction. If only one Qualified Bid is received, Debtor and Broker may work with that Qualified Bidder to confirm that its Bid meets all the requirements of a Qualified Bid, cancel the Auction, and proceed with having the Sale approved by the Bankruptcy Court.

**Broker's Commission**

Consistent with any order of the Bankruptcy Court relating to the Debtor's retention of the Broker, Broker shall be entitled to a commission equal to three percent (3%) of the Gross Sale Price (as defined below) of the Assets, plus Reimbursable Expenses (as defined in the Listing Agreement), to be paid as a cost of sale at closing of the Sale. "Gross Sale Price" shall mean the aggregate cash or non-cash consideration received by the Debtor in consideration of the Assets, including, without limitation, any cash consideration paid or payable in connection with a Sale to the Successful Bidder, or to which the Assets are taken subject, by the purchaser, the face amount of any seller financing provided by Rialto, and the fair market value of all other consideration payable in connection with the sale of the Assets, without deduction for closing expenses, adjustments or costs of any kind (the "**Gross Sale Price**").

**Auction Procedures**

If there are two or more Qualified Bids for the Auction, the Broker may conduct an Auction on **November 21, 2025 at 10:00 a.m. (Pacific Time)**, or on such other date and at such other time as the Debtor, Broker and Qualified Bidders mutually agree, via online platform (*e.g.*, Zoom, Microsoft Teams, etc.). Only Qualified Bidders will be eligible to participate at an Auction, subject to such limitations as the Debtor may impose in good faith. Professionals and/or other agents or representatives of the Debtor, Broker and Rialto will be permitted to attend and observe an Auction.

At any Auction, Qualified Bidders will be permitted to increase their bids. Bidding will start at the purchase price and terms proposed in the applicable Baseline Bid, if any, and will proceed thereafter in increments of $100,000 of the applicable Baseline Bid (a "**Minimum Overbid Amount**").

The Debtor and Broker may adopt rules for an Auction at any time that they reasonably determine to be appropriate to promote the goals of the Bidding Process and are not inconsistent with these Bid Procedures. At the start of an Auction, the Debtor and Broker shall describe the terms of the applicable Baseline Bid. Any rules developed by the Debtor and Broker will provide that all bids in a particular Auction will be made and received in one room, on an open basis, and all other Qualified Bidders participating in the Auction will be entitled to be present for all bidding and that all material terms of each Qualified Bid submitted in response to the Baseline Bid or to any successive bids made at the Auction will be fully disclosed to all other Qualified Bidders throughout the entire Auction. Each Qualified Bidder will be permitted a reasonably amount of time to respond to the previous bid at the Auction.

The Debtor and Broker reserve the right to, and may, reject at any time before entry of any order of the Bankruptcy Court approving the Sale (the "**Sale Order**") any bid that, in their reasonable judgment, is:

(i) inadequate or insufficient; or (ii) not in conformity with the requirements of the Bankruptcy Code, Bankruptcy Rules, these Bid Procedures, or the terms and conditions of the applicable sale transaction.

Prior to the conclusion of the Auction, the Debtor and Broker, will: (i) review and evaluate each Bid made at the Auction on the basis of financial and contractual terms and other factors relevant to the Sale process, including those factors affecting the speed and certainty of consummating a Sale transaction; (ii) determine the highest or best bid (a "**Successful Bid**"); (iii) determine which Qualified Bid is the next highest or best bid from the Auction (the "**Back-Up Bid**"); and (iv) notify all Qualified Bidders participating in the Auction, prior to its conclusion, the successful bidder for the Auction (the "**Successful Bidder**"), the amount of the Gross Sale Price, and other material terms of the Successful Bid and the identity of the party that submitted the Back-Up Bid for the Auction (the "**Back-Up Bidder**").

Each Qualified Bidder shall be required to confirm, both before and after the Auction, that it has not engaged in any collusion with respect to the submission of any Bid, the Bidding Process, or the Auction.

**Post-Auction Process**

The Successful Bidder and the Back-Up Bidder shall, within one (1) business day after the close of the Auction, submit to the Debtor and Broker fully executed revised documentation memorializing the terms of the Successful Bid and the Back-Up Bid, respectively. Promptly following the submission of such documentation, the Debtor and Broker shall file with the Bankruptcy Court notice of the Successful Bid and Successful Bidder. The Successful Bid may not be assigned to any party without the express written consent of the Debtor and Rialto.

At a Sale Hearing, the Debtor and Agent will present a Successful Bid to the Bankruptcy Court for approval. Rialto reserves all rights to object to the Sale.

The Successful Bidder will be required to close on the Sale transaction by not later than fourteen (14) calendar days from the date of the Sale Hearing, except as may be mutually agreed to by the Debtor, Rialto, and the Successful Bidder.

Unless otherwise required pursuant to the Debtor's and Broker's fiduciary duties, the Debtor and Broker shall not consider any bids submitted after the conclusion of the Auction.

**Treatment and Return of Deposits**

Potential Bidders

Within three (3) business days after the Designation Deadline, the Escrow Agent shall return to each Potential Bidder that was determined not to be a Qualified Bidder, such Potential Bidder's Deposit. Upon the authorized return of such Potential Bidder's Deposit, the bid of such Potential Bidder shall be deemed revoked and no longer enforceable.

Qualified Bidders

The Deposit of a Qualified Bidder will be forfeited to Rialto if (i) the applicable Qualified Bidder attempts to modify, amend or withdraw its Qualified Bid, except as permitted by these Bid Procedures, during the time the Qualified Bid remains binding and irrevocable under these Bid Procedures, or (ii) the Qualified Bidder is selected as the Successful Bidder and fails to enter into the required definitive documentation or to consummate the Sale transaction according to these Bid Procedures and the terms of the applicable transaction documents with respect to the Successful Bid. The Escrow Agent shall release the Deposit by wire transfer of immediately available funds to an account designated by Rialto three (3) business days after the receipt by the Title Company and Escrow Agent of a joint written notice by authorized officers or

Case 25-42508-MJH    Doc 72    Filed 11/12/25    Ent. 11/12/25 14:51:40    Pg. 13 of 25

representatives of Rialto and the Debtor stating that the Qualified Bidder has breached or failed to satisfy its obligations or undertakings. With the exception of the Deposit of a Successful Bidder and a Back-Up Bidder, the Escrow Agent shall return to any other Qualified Bidder any Deposit within five (5) business days following conclusion of the Sale Hearing.

<u>Back-Up Bidder</u>
The Escrow Agent shall return a Back-Up Bidder's Deposit within five (5) business days after the closing of a Sale to the Successful Bidder. The Back-Up Bidder's Deposit shall automatically become non-refundable upon withdrawal or default of the Successful Bidder.

<u>The Successful Bidder</u>
The Deposit of a Successful Bidder shall be applied against the Purchase Price of such Successful Bidder upon the consummation of the transaction proposed in the applicable Successful Bid.

<u>Joint Notice to Escrow Agent</u>
The Debtor and, as applicable, the Potential Bidder, Qualified Bidder, and/or Back-Up Bidder agree to execute an appropriate joint notice to the Title Company and Escrow Agent for the return of any Deposit, to the extent such return is required by these Bid Procedures. If any party fails to execute such written notice, the Deposit may be released by an order of the Bankruptcy Court.

**Attorney Review**
All information contained in the marketing material should be carefully reviewed by an attorney prior to submitting a Bid and is subject to and may be superseded by the Asset Purchase Agreement. There will be no attorney review period after a Successful Bidder is determined at the Auction.

**Consent to Jurisdiction and Authority as Condition to Bidding**
All Potential Bidders shall be deemed to have: (i) consented to the sole jurisdiction of the Bankruptcy Court to enter any order or orders, which shall be binding in all respects, in any way related to the Bid Procedures, the Auction, the Sale, or the construction and enforcement of any agreement or any other document relating to the sale transaction; (ii) waived any right to a jury trial in connection with any disputes relating to the Bid Procedures, the Auction, the Sale, or the construction and enforcement of any agreement or any other document relating to the sale transaction; and (iii) consented to the entry of a final order or judgment in any way related to the Bid Procedures, the Auction, the Sale, or the construction and enforcement of any agreement or any other document relating to the sale transaction if it is determined that the Bankruptcy Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the parties.

**Reservation of Rights**
The Debtor and Broker reserve the right, in their reasonable discretion and subject to the exercise of their business judgment, to amend, modify, supplement or terminate these Bid Procedures, to waive terms and conditions set forth herein with respect to all Potential Bidders and Qualified Bidders, extend the deadlines set forth herein, alter the assumptions set forth herein, conditions and deadlines of the Bidding Process and the Auction to promote further Bids and/or to terminate discussions with any and all Potential Bidders and investors at any time and without specifying the reasons therefor, in each case to the extent not materially inconsistent with these Bid Procedures; provided further that the Debtor and Broker exercise of their discretion in evaluating Bids and administering the Bidding Process and the Auction does not permit, and shall not be construed as permitting, the Debtor and Broker to materially deviate from the procedures, terms, conditions and protections set forth in these Bid Procedures.

**Disclaimer**

The Debtor and Broker and their representatives, agents, managers, employees and attorneys assume no liability for any inaccuracies, errors or omissions in the marketing materials of the Assets, including the Virtual Data Room. ALL SQUARE FOOTAGE, ACREAGE, DIMENSIONS, AND TAXES IN THIS AND OTHER MARKETING MATERIALS ARE APPROXIMATE. This offering may be withdrawn, modified or canceled without notice at any time. This is not a solicitation or offering to residents of any state where this offering is prohibited by law.

**Additional Terms, Conditions and Procedures**

If the Debtor is unable to deliver title to the Assets in accordance with these Bid Procedures or the Sale Order for any reason whatsoever, the Successful Bidder will have no recourse against the Debtor, Broker, or Rialto, their respective counsel or any broker or auctioneer that may be retained by order of the Bankruptcy Court; provided, however, that a Qualified Bidder in these circumstances shall be entitled to a return of its Deposit.

By participating in the Auction, all Potential Bidders and Qualified Bidders consent to the jurisdiction of the United States Bankruptcy Court for the Western District of Washington to determine such disputes arising in relation to or in connection with these Bid Procedures, the Bidding Process, the Auction, the Sale, and any other matter regarding the marketing or sale of the Assets through the Bankruptcy Case. The Bankruptcy Court shall retain sole and exclusive jurisdiction over all matters relating to the Assets, these Bid Procedures, the Bidding Process, the Auction, and the Sale.

The Sale is subject to final approval by the Bankruptcy Court at the Sale Hearing to be held as soon as practicable upon the announcement of the Successful Bidder, before the United States Bankruptcy Judge for the Western District of Washington, Tacoma Division, presiding over this Bankruptcy Case.

THE UNDERSIGNED BIDDER HEREBY CONSENTS TO AND AGREES TO BE BOUND BY THE FOREGOING BID PROCEDURES:

Print Name of Bidder:

_____

Print Name and Title of Authorized Representative of Bidder:

_____

Signature of Authorized Representative:

_____

Date:

_____

---

# EXHIBIT 2

**Sale Notice**

ARMAND J. KORNFELD (WSBA #17214)
RICHARD B. KEETON (WSBA #51537)
BUSH KORNFELD LLP
601 UNION STREET, SUITE 5000
SEATTLE, WA 98101
Tel: (206) 292-2110
Emails: jkornfeld@bskd.com, rkeeton@bskd.com

HONORABLE MARY JO HESTON

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Chapter 11 |
| SHILO INN, NEWPORT, LLC, | Case No. 25-42508-MJH |
| Debtor. | **NOTICE OF PROPOSED SALE OF REAL PROPERTY AND RELATED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES** |

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On October 28, 2025, Shilo Inn, Newport, LLC (the "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case"), filed a motion (the "Sale Motion") with the United States Bankruptcy Court for the Western District of Washington (the "Bankruptcy Court" or "Court") seeking entry of: (i) an order (the "Bid Procedures Order") (a) approving Bid Procedures for the sale (the "Sale") of real property interests and related personal property assets (collectively, the "Assets"), (b) approving procedures for the assumption and assignment of designated executory contracts and unexpired leases (collectively, the "Transferred Contracts"), (c) scheduling the Auction and Sale Hearing, and (d) granting related relief (collectively, the "Bid Procedures Relief"); and (ii) an order (the "Sale Order") (a) authorizing the Sale of the Assets free and clear of all liens, claims, interests and other encumbrances (collectively, "Encumbrances"), to the Successful Bidder submitting the highest or otherwise best bid, (b) authorizing the assumption and assignment of the Transferred Contracts, and (c) granting certain related relief.

**A.    Bid Procedures**

On [●], 2025, the Bankruptcy Court entered the Bid Procedures Order [Docket No. ●], thereby approving the Bid Procedures. In order for a Potential Bidder's bid to be considered to participate in the Auction, it must comply with the Bid Procedures, including that its bid must be delivered, so as to be received on or before [●], 2025 at 5:00 p.m. Pacific Time (the "Bid Deadline"), to: (a) the Debtor, Brian Weiss, Manager of Shilo Newport Corp. (bweiss@force10partners.com); (b) counsel to the Debtor, Richard B. Keeton (rkeeton@bskd.com) and Armand J. Kornfeld (jkornfeld@bskd.com); and

SALE NOTICE – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2892 ij21m301hs

(c) the Debtor's brokers, Jordan Schack (jschack@hilcoglobal.com), Chris Gomes (chris.gomes@marcusmillichap.com), and Christian Apt (christian.apt@marcusmillichap.com) (collectively, the "Notice Parties").

To receive copies of the Sale Motion and/or to become a Potential Bidder (as defined below), kindly submit a request to Richard Keeton and Jordan Schack at their respective email addresses set forth above.

In order for Potential Bidders to obtain access to the Debtor's data room, each Potential Bidder must first execute a confidentiality agreement. Please refer to the Bid Procedures for further information concerning submitting a Qualified Bid to participate at the Auction.

**B.** **Sale Hearing and Closing**

The Sale Hearing is scheduled for December [●], 2025 at [●][●].m. Pacific Time before the Honorable Mary Jo Heston in the United States Bankruptcy Court for the Western District of Washington. The Sale Hearing is being held to approve the highest or otherwise best offer received for the Assets at the Auction, which, if any, will take place on [●], 2025 via videoconference, commencing at [●][●].m. Pacific Time. The Sale Hearing may be adjourned or rescheduled with prior notice filed on the docket of this Chapter 11 Case or without prior notice by an announcement of the adjourned date at the Sale Hearing.

THE DEADLINE TO OBJECT TO THE DEBTOR'S REQUEST TO APPROVE THE SALE OF THE ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES TO THE SUCCESSFUL BIDDER (EACH, A "SALE OBJECTION") IS **[●], 2025** (THE "SALE OBJECTION DEADLINE").

Any person or entity wishing to submit a Sale Objection must do so in writing and state with particularity the grounds for such objections or other statements of position. All Sale Objections shall be served so as to be actually received by no later than the Sale Objection Deadline by (i) counsel to the Debtor: (a) Bush Kornfeld LLP, 601 Union Suite, Suite 5000, Seattle, WA 98101, Attn: Richard B. Keeton (rkeeton@bskd.com) and Armand J. Kornfeld (jkornfeld@bskd.com); (ii) the Office of the United States Trustee for the Western District of Washington, 700 Stewart Street, Suite 5103, Seattle, WA 98101, Attn: Matthew J.P. Johnson (matthew.j.johnson@usdoj.gov); and (iii) those parties who have filed a notice of appearance, request for courtesy notice, or request for special notice in this Chapter 11 Case prior to the date of service hereof.

The failure of any person or entity to file and serve a Sale Objection on or before the Sale Objection Deadline, as applicable, (i) shall be deemed a consent to the Sale to the Successful Bidder and the other relief requested in the Sale Motion, and (ii) shall be a bar to the assertion of any objection the sale of the Assets to the Successful Bidder (including in any such case, without limitation, the transfer of the Assets free and clear of all Encumbrances).

IF NO RESPONSE OR OBJECTION IS TIMELY FILED AND SERVED, the Court may, in its discretion, enter the Sale Order or a form of order substantially similar thereto, WITHOUT FURTHER NOTICE, and strike the Sale Hearing.

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

## C.    The Debtor's Contracts and Leases

The Sale Order, if approved, shall authorize the assumption and assignment of the Transferred Contracts of the Debtor.  In accordance with the Bid Procedures Order, individual notices setting forth the specific Transferred Contracts to be assumed by the Debtor and assigned to the Successful Bidder and the proposed Cure Amounts for such contracts will be given to all counterparties to the Transferred Contracts.  Such counterparties will be given the opportunity to object to the assumption and assignment of a Transferred Contract and the proposed Cure Amount.  This Notice is subject to the full terms and conditions of the Bid Procedures and the Bid Procedures Order, which shall control in the event of any conflict.  The Debtor encourages all persons to review such documents and all other Sale-related documents in their entirety and to consult an attorney if they have questions or seek advice.

DATED this [●] day of November, 2025.

BUSH KORNFELD LLP

By_____
     Armand J. Kornfeld, WSBA #17214
     Richard B. Keeton, WSBA #51537
Attorneys for the Debtor

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2892 ij21m301hs

# EXHIBIT 3

**Assumption and Assignment/Cure Notice**

| | |
|---|---|
| 1 | ARMAND J. KORNFELD (WSBA #17214) |
| | RICHARD B. KEETON (WSBA #51537) |
| 2 | BUSH KORNFELD LLP |
| 3 | 601 UNION STREET, SUITE 5000 |
| | SEATTLE, WA 98101 |
| 4 | Tel: (206) 292-2110 |
| | Emails: jkornfeld@bskd.com, rkeeton@bskd.com |

HONORABLE MARY JO HESTON

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re

SHILO INN, NEWPORT, LLC,

               Debtor.

Chapter 11

Case No. 25-42508-MJH

**NOTICE OF INTENT TO ASSUME AND ASSIGN DESIGNATED EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO PAY CURE AMOUNTS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On October 28, 2025, Shilo Inn, Newport, LLC (the "Debtor"), debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case"), filed a motion (the "Sale Motion") with the United States Bankruptcy Court for the Western District of Washington (the "Bankruptcy Court" or "Court") seeking entry of: (i) an order (the "Bid Procedures Order") (a) approving Bid Procedures for the sale (the "Sale") of real property interests and related personal property assets (collectively, the "Assets"), (b) approving procedures for the assumption and assignment of designated executory contracts and unexpired leases (collectively, the "Transferred Contracts"), (c) scheduling the Auction and Sale Hearing, and (d) granting related relief (collectively, the "Bid Procedures Relief"); and (ii) an order (the "Sale Order") (a) authorizing the Sale of the Assets free and clear of all liens, claims, interests and other encumbrances (collectively, "Encumbrances"), to the Successful Bidder submitting the highest or otherwise best bid, (b) authorizing the assumption and assignment of the Transferred Contracts, and (c) granting certain related relief.

On [●], 2025, the Bankruptcy Court entered the Bid Procedures Order [Docket No. ●], thereby approving the Bid Procedures Relief.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE A PARTY TO ONE OR MORE OF THE CONTRACTS OR LEASES REFERRED TO HEREIN.**

ASSUMPTION AND ASSIGNMENT NOTICE – Page 1

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2892 ij21v601be

# TRANSFERRED CONTRACTS

Attached as **Exhibit A** hereto is a schedule of all executory contracts and unexpired leases (collectively, the "Transferred Contracts") that may be assumed and assigned to the Successful Bidder, listing the counterparties to such contracts (the "Contract Counterparties") and the amount, if any, proposed to be paid to cure any monetary defaults under the Transferred Contracts pursuant to section 365 of the Bankruptcy Code (the "Cure Amounts"). The Successful Bidder reserves the right to revise these schedules in accordance with the Bid Procedures at any time prior to the closing on the Assets.

To the extent that any Transferred Contract is determined by an order of the Bankruptcy Court, or as between the Debtor and the applicable Contract Counterparty, not to be an executory contract under and for purposes of section 365 of the Bankruptcy Code, all right, title and interest in, to and under such Transferred Contract(s) may instead be sold, assigned, and transferred to the Successful Bidder pursuant to section 363 of the Bankruptcy Code. Prior to any such sale and transfer of a Transferred Contract, the Successful Bidder shall cure any monetary defaults or pay other amounts due under such Transferred Contract which are capable of being cured or paid as if such Transferred Contract had been subject to section 365 of the Bankruptcy Code.

## A. Cure Objection Deadline

IF YOU AGREE WITH THE PROPOSED CURE AMOUNTS LISTED IN **EXHIBIT A** WITH RESPECT TO YOUR TRANSFERRED CONTRACT(S), YOU ARE NOT REQUIRED TO TAKE ANY FURTHER ACTION.

IF YOU DISAGREE WITH THE PROPOSED CURE AMOUNTS LISTED IN **EXHIBIT A** WITH RESPECT TO YOUR CONTRACT(S), YOU MAY OBJECT TO THE PROPOSED CURE AMOUNTS NO LATER THAN **[●], 2025** (the "Cure Objection Deadline").

Objections to a proposed Cure Amount (a "Cure Objection") must be made in writing and filed on the docket for the Chapter 11 Case no later than the Cure Objection Deadline and state the basis of such objection with specificity, including, without limitation, the Cure Amount alleged to be due by such Contract Counterparty, and include complete contact information for such Contract Counterparty (including address, telephone number, and email address); (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and (iv) be served on the following, so as to be actually received by them on or before the Cure Objection Deadline: (a) the Debtor, Brian Weiss, Manager of Shilo Newport Corp. (bweiss@force10partners.com); (b) counsel to the Debtor, Richard B. Keeton (rkeeton@bskd.com) and Armand J. Kornfeld (jkornfeld@bskd.com); and (c) the Office of the United States Trustee, Matthew J.P. Johnson (matthew.j.johnson@usdoj.gov) (collectively, the "Notice Parties").

## B. Assignment Objection Deadline

Any other objections to the assumption and assignment of any of the Transferred Contracts (an "Assignment Objection") must: (i) be made in writing and filed on the docket for the Chapter 11 Case no later than **[●], 2025** (the "Assignment Objection Deadline"); (ii) state the basis of such objection

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2892 ij21v601be

with specificity and include complete contact information for such Contract Counterparty (including address, telephone number, and email address); and (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

If you file a Cure Objection or Assignment Objection satisfying the requirements herein, the Debtor and the Successful Bidder, as applicable, will confer with you in good faith to attempt to resolve any such Cure Objection or Assignment Objection without Bankruptcy Court intervention. If the applicable parties determine that the Cure Objection or Assignment Objection cannot be resolved without judicial intervention in a timely manner, the Bankruptcy Court shall resolve such objections at the Sale Hearing or such other date designated by the Bankruptcy Court.

If the Successful Bidder or Back-Up Bidder, in accordance with the Bid Procedures, identifies additional executory contracts or unexpired leases that it wishes to add to the Transferred Contracts and Cure Schedule (each an "Additional Contract") (or wishes to remove a Transferred Contract from the Transferred Contracts and Cure Schedule), the Debtor shall, within two (2) calendar days of the Successful Bidder or Back-Up Bidder making such a determination, send a supplemental Assumption and Assignment Notice to the applicable Contract Counterparty(ies) to such executory contract(s) or unexpired lease(s) added or removed from the Transferred Contracts and Cure Schedule. To the extent an executory contract or unexpired lease is not assumed and assigned to the Successful Bidder, the Debtor may, in its sole discretion, reject such an unassigned executory contract or unexpired lease to the extent permitted by law. In no event will the Successful Bidder be responsible for any unassigned executory contracts or unexpired leases.

Objections from any Contract Counterparty to an Additional Contract (an "Additional Assignment Objection") must: (i) be made in writing and filed on the docket for the Chapter 11 Case no later than seven (7) calendar days after the Debtor has sent notice to such Contract Counterparty of its intention to assume and assign such Additional Contract (as applicable, the "Additional Assignment Objection Deadline"); (ii) state the basis of such objection with specificity, including, without limitation, the Cure Amount alleged by such Contract Counterparty, and include contact information for such Contract Counterparty; and (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

If a timely objection is filed, and cannot be resolved consensually, the Bankruptcy Court may resolve such objection at a hearing to be held: (i) on or before seven (7) calendar days from the timely filing of the Additional Assignment Objection; or (ii) such other date designated by the Bankruptcy Court. Unless the Bankruptcy Court orders otherwise, contemporaneously with the resolution of any such objection, the Additional Contract underlying such objection shall be deemed to have been assumed and assigned, or assigned, as the case may be, to the Successful Bidder or the Back-Up Bidder, as the case may be, without the necessity of obtaining any further order of the Bankruptcy Court.

IF YOU FAIL TO TIMELY FILE AND PROPERLY SERVE A CURE OBJECTION OR ASSIGNMENT OBJECTION AS PROVIDED HEREIN: (I) YOU WILL BE DEEMED TO HAVE FOREVER WAIVED AND RELEASED ANY RIGHT TO ASSERT A CURE OBJECTION, ASSIGNMENT OBJECTION, OR ADDITIONAL ASSIGNMENT OBJECTION, AS APPLICABLE, AND TO HAVE OTHERWISE CONSENTED TO THE ASSUMPTION AND ASSIGNMENT, OR

ASSUMPTION AND ASSIGNMENT NOTICE – Page 3

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2892 ij21v601be

SALE AND TRANSFER, OF THE DEBTOR'S RIGHT, TITLE, AND INTEREST IN, TO AND UNDER, SUCH TRANSFERRED CONTRACT ON THE TERMS SET FORTH IN THIS ASSIGNMENT NOTICE AND THE ASSET PURCHASE AGREEMENT TO BE ENTERED INTO WITH THE SUCCESSFUL BIDDER; (II) YOU WILL HAVE CONSENTED TO THE ASSUMPTION AND ASSIGNMENT OF, OR SALE AND TRANSFER OF, THE DEBTOR'S RIGHT, TITLE, AND INTEREST IN, TO AND UNDER, ITS TRANSFERRED CONTRACT, WITHOUT THE NECESSITY OF OBTAINING ANY FURTHER ORDER OF THE BANKRUPTCY COURT; AND (III) YOU WILL BE BARRED AND ESTOPPED FOREVER FROM ASSERTING OR CLAIMING AGAINST THE DEBTOR, THE SUCCESSFUL BIDDER, OR THE BACK-UP BIDDER THAT ANY ADDITIONAL CURE AMOUNTS ARE DUE OR DEFAULTS EXIST, OR CONDITIONS TO ASSUMPTION AND ASSIGNMENT, OR SALE AND TRANSFER, MUST BE SATISFIED, UNDER SUCH TRANSFERRED CONTRACT.

The Debtor's assumption and assignment, or sale and transfer, of a Transferred Contract is subject to approval by the Bankruptcy Court, and consummation of the closing of the Sale. If there is no closing, the Transferred Contracts shall be deemed neither assumed nor assigned, and shall in all respects be subject to subsequent assumption or rejection by the Debtor.

The inclusion of any document on the list of Transferred Contracts shall not constitute or be deemed to be a determination or admission by the Debtor or the Successful Bidder that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and all rights with respect thereto are expressly reserved.

Any Cure Objection or Assignment Objection shall not constitute an objection to any of the other relief requested in the Sale Motion to be approved by the Sale Order (*e.g.*, the sale of the Assets by the Debtor to the Successful Bidder free and clear of all Encumbrances). Parties wishing to object to the other relief requested in the Sale Motion (excluding the Bid Procedures) must timely file and serve a separate objection, stating with particularity such party's grounds for objection, in accordance with the objection procedures approved and set forth in the Bid Procedures Order.

This Notice is subject to the full terms and conditions of the Bid Procedures and Bid Procedures Order, which shall control in the event of any conflict. The Debtor encourages parties in interest to review such documents in their entirety and consult an attorney if they have questions or seek advice.

DATED this [●] day of November, 2025.

BUSH KORNFELD LLP

By_____
   Armand J. Kornfeld, WSBA #17214
   Richard B. Keeton, WSBA #51537
Attorneys for the Debtor

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2892 ij21v601be

# EXHIBIT A

## Schedule of Transferred Contracts

| No. | Contract/Lease Counterparty | Contract/Lease Title | Date of Entry | Cure Amount |
|-----|------------------------------|----------------------|---------------|-------------|
| 1.  | [X] | [X] | [X] | $[X] |

BUSH KORNFELD LLP
LAW OFFICES
601 Union St., Suite 5000
Seattle, Washington 98101-2373
Telephone (206) 292-2110
Facsimile (206) 292-2104

2892 ij21v601be